IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HAKEEM SULTAANA, | ) | CASE NO. 1:16 CV 2884 |
| | ) | |
| Petitioner, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| BRIGHAM SLOAN, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | **REPORT AND RECOMMENDATION** |

## Introduction

Before me by referral[1] in Hakeem Sultaana's *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254[2] is a motion to dismiss the petition filed by the State,[3] which Sultaana has opposed[4] and to which the State has replied.[5] In addition, Sultaana has filed a motion for partial summary judgment[6] to which the State has responded by moving to stay consideration of that motion until after adjudicating its own motion to dismiss.[7]

---

[1] This matter was referred to me under Local Rule 72.2 by United States District Judge Dan Aaron Polster in a non-document order entered on December 28, 2016.

[2] ECF # 1.

[3] ECF # 130.

[4] ECF # 132.

[5] ECF # 159.

[6] ECF # 171.

[7] ECF # 173.

Sultaana has opposed that motion.[8]

Sultaana is currently incarcerated at the Warren Correctional Institution[9] where he is serving an aggregate sentence of 14 years in prison imposed in 2014 by the Cuyahoga County Common Pleas Court following Sultaana's conviction at a jury trial of various offenses related to his participation in a car title flipping scheme.[10]

In its motion to dismiss, the State argues that all of Sultaana's grounds for federal habeas relief are procedurally defaulted and/or non-cognizable. For the reasons that follow, I will recommend granting the State's motion to dismiss and thus further recommend dismissing the entire petition with prejudice. In that regard, I recommend that Sultaana's motion for partial summary judgment be denied.[11]

## Facts

For purposes of the deciding the State's motion, I here incorporate by reference the complete statement of underlying facts as set forth by Magistrate Judge White in his Report and Recommendation recommending granting the State's prior motion to dismiss for failure to exhaust in a prior case.[12]

---

[8]ECF # 174.

[9]See, drc.ohio.gov/offendersearch. I note that Sultaana was incarcerated at the Lake Erie Correctional Institution at the time his petition was filed.

[10]See, ECF # 130 at 6-7 (citing record).

[11]ECF # 171.

[12]See, 1:15-cv-01963, ECF # 45.

As regards the present petition,[13] Sultanna claims some twenty-three grounds for habeas relief.[14] Subsequent to lengthy proceedings, the State, as noted, has moved to dismiss all grounds asserted in the petition as procedurally defaulted and/or non-cognizable.[15]

## Analysis

**A.    Relevant law - procedural default**

A claim not adjudicated on the merits by a state court is not subject to AEDPA review.[16]  Such a claim is subject to procedural default if a petitioner failed to raise it when state court remedies were still available, the petitioner violated a state procedural rule.[17]  The petitioner must afford the state courts "opportunity to pass upon and correct alleged violations of its prisoners' federal rights."[18]  This requires a petitioner to go through "one complete round" of the state's appellate review process,[19] presenting his or

---

[13]I note that Sultaana has sought to attack the current 2014 conviction in two separate habeas filings prior to this one: 1:15-cv-01963 and 1:16-cv-00571. Both were dismissed for lack of exhaustion. 1:15-cv-01963, ECF # 48 ; 1:16-cv-00571, ECF # 6.

[14]ECF # 1.

[15]ECF # 130.

[16]*See Harrington v. Richter*, 562 U.S. 86, 98 (2011).

[17]*West v. Carpenter*, 790 F.3d 693, 697 (6th Cir. 2015).

[18]*Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam) (citation omitted).

[19]*Boerckel*, 526 U.S. at 845.

her claim to "*each* appropriate state court."[20] A petitioner may not seek habeas relief then if he or she does not first "fairly present[] the substance of his [or her] federal habeas corpus claim to the state courts."[21]

When a state asserts that a violation of a state procedural rule is the basis for default in a federal habeas proceeding, the Sixth Circuit has long employed a four-part test to determine whether the claim is procedurally defaulted.[22] A petitioner's violation of a state procedural rule will bar federal review if the state procedural rule satisfies the standards set out in the test:[23]

(1) "[T]here must be a state procedure in place that the petitioner failed to follow."[24]

(2) "[T]he state court must have denied consideration of the petitioner's claim on the ground of the state procedural default."[25]

(3) "[T]he state procedural rule must be an 'adequate and independent state

---

[20]*Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (emphasis added).

[21]*West*, 790 F.3d at 697 (quoting *Picard v. Connor*, 404 U.S. 270, 278 (1971) (internal quotation marks omitted).

[22] *See Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986) (outlining four-part test); *see Landrum v. Mitchell*, 625 F.3d 905, 916-17 (6th Cir. 2010) (applying test post-AEDPA).

[23]*Jells v. Mitchell*, 538 F.3d 478, 488 (6th Cir. 2008).

[24] *Id.* (citing *Maupin*, 785 F.2d at 138).

[25]*Id.*

ground,'[26] that is both 'firmly established and regularly followed.'"[27]

(4) The petitioner cannot demonstrate either "cause for the default and actual prejudice as a result of the alleged violation of federal law," or "that failure to consider the claims will result in a fundamental miscarriage of justice."[28]

In order to show "cause" for the default, the petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule."[29] In order to show "prejudice" for the default, the petitioner must show that the errors at trial "worked to [his or her] *actual* and substantial disadvantage, infecting [the] entire trial with error of constitutional dimensions."[30]

## B. Application of relevant law

### 1. *Ground One*

As the State points out, Sultaana's first ground for federal habeas relief - that the Ohio Appeals Court violated his rights to substantive and procedural due process, and to equal protection of the law, by denying him leave to re-open his appeal under Ohio Rule

---

[26] *Id.* (quoting *Maupin*, 785 F.2d at 138). ("A state procedural rule is an independent ground when it does not rely on federal law.") (citing *Coleman v. Thompson*, 501 U.S. 722, 732).

[27] *Id.* (citation omitted).

[28] *Id.* (quoting *Coleman*, 501 U.S. at 750).

[29] *Id.* (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

[30] *Id.* (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original).

of Appellate Procedure 26(B) - is non-cognizable because Sultaana has no federal right to a collateral appeal.[31] Further, Sultaana never presented this claim to an Ohio court and there is now no procedural mechanism for him to do so. Thus, under Ohio's *res judicata* doctrine,[32] he is barred from now raising this claim.

In that regard, and as the State observes, Ohio's *res judicata* rule is recognized as an adequate and independent state law ground to bar federal habeas review, absent a showing of cause and prejudice.[33] Here, Sultaana has made no showing of cause to excuse this default, or any other default.[34] In particular, Sultaana cannot assign blame to any attorney for his failure to take his claims to the Ohio Supreme Court in a timely manner because, as noted, he had no right to counsel in those proceedings.[35]

Therefore, I recommend Ground One be dismissed for the reasons stated.

---

[31]*Evitts v. Lucey*, 469 U.S. 387, 393 (1985).

[32]See, *State v. Perry*, 10 Ohio St. 2d 175 (1967).

[33]*Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007).

[34]Sultaana argues he did appeal the denial of his Rule 26(B) application to the Ohio Supreme Court. ECF # 132 at 3-5. However, as the State observes, the application itself was denied by the appeals court because it did not comply with the rules and because Sultaana, as a vexatious litigator, had not paid a filing fee and security costs. ECF # 159 at 5. Moreover, the State found no entry on the appeals court docket of an appeal nor did it find on the docket of the Ohio Supreme Court any attempt to timely attempt appeal to that court. *Id*. Sultaana's filings in this Court of material relating to the Ohio Supreme Court's treatment of his dispute over obtaining jury forms (ECF ## 175, 176, 177, 178) concerns an entirely different matter and is not relevant here.

[35]The State presents a brief cogent summary of Sultaana's failure to timely appeal to the Ohio Supreme Court in his direct appeal, as concerns the denial of his Rule 26(B) application or with regards to the denial of his motion for a new trial. ECF # 159 at 4-6.

### 2. *Ground Two*

In this ground, Sultaana maintains that his Sixth Amendment right to have counsel free from conflict of interest was violated when the Ohio court of appeals denied his counsel's motion to withdraw. Once again, the State notes that Sultaana did not appeal the decision of the appellate court that affirmed his conviction, and that no procedure is available to do so now.[36] Moreover, the State also observes that this point was not raised to the Ohio court of appeals in Sultaana's Rule 26(B) application, the denial of which, as stated above, was not appealed to the Ohio Supreme Court.[37]

Accordingly, and for similar reasons to those outlined above, I recommend that Ground Two be dismissed as procedurally defaulted.

### 3. *Ground Three*

In this ground for relief Sultaana contends that his right to substantive and procedural due process and to equal protection were violated when his appellate attorney supplemented the record on appeal. This also appears to be the issue raised in Ground Nineteen, where Sultaana includes it as an example of ineffective assistance. This matter also appears to be the issue raised in various supplements to the record filed by Sultaana and referenced previously.[38]

---

[36] ECF # 130 at 24.

[37] *Id*.

[38] The State also observes that at least part of the substantive question concerning the use of these jury forms relates to the forms being under seal because they contain the names of jurors. ECF # 130 at 25.

I note initially in that regard that these motions and attempts to appeal go to the substantive merits of whether, as Sultaana claims, the use of the jury verdict forms was fraud upon the court, leaving the appellate court without jurisdiction. To that point, and as noted above, Sultaana did not properly appeal this substantive issue to the Ohio Supreme Court and so procedurally defaulted that issue. Further, these supplemental filings do not assert or otherwise deal with a properly framed federal claim of ineffective assistance of counsel in regards the use of these jury forms, and because Sultaana never properly or timely appealed from the denial of his Rule 26(B) application, the ineffective assistance element of this claim is also procedurally defaulted.

Accordingly, and for the reasons stated, I recommend dismissing Ground Three as procedurally defaulted.

### 4.  *Grounds Four through Twenty-three*

Sultaana raises these grounds by attaching the claims presented in his Rule 26(B) application to his federal habeas petition. The claims were originally denied by the Ohio appeals court when it ruled that Sultaana had represented himself on appeal and so did not have counsel, it further concluded that the motion did not comport with Ohio Appellate Rule 26(B), and it finally ruled that Sultaana's filing could not be accepted because, as a vexatious litigator, he had not complied with Local Appellate Rule 3(A).[39]

According to Rule 7.01(A)(1)(a)(i) of the Ohio Supreme Court Rules of Practice,

---

[39]*Id*. at 26 (citing record).

Sultaana had 45 days after the appellate court decision of February 17, 2016 to appeal to the Supreme Court of Ohio. As noted, he did not do so. Further, Rule 7.01(A)(4)(c) of the Ohio Supreme Court Rules of Practice precludes Sultaana from now moving for a delayed appeal in a Rule 26(B) matter. Moreover, such a delayed appeal would be precluded by Ohio's *res judicata* rule.

Thus, for the reasons stated, I recommend dismissing Grounds Four through Twenty-three as procedurally defaulted. I state again, as was noted above, that Sultaana has made no showing of cause such as would excuse this or any other procedural default.

## Conclusion

For the reasons stated, I recommend granting the State's motion to dismiss,[40] and so further recommend dismissing, with prejudice, the entire *pro se* petition of Hakeem Sultaana for a writ of habeas corpus under 28 U.S.C. § 2254.[41] If this recommendation is adopted, I then further recommend denying Sultaana's motion for partial summary judgment.[42]

**IT IS SO ORDERED**.

Dated: April 4, 2018               s/ William H. Baughman, Jr.
                                   United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.[43]

---

[40] ECF # 130.

[41] ECF # 1.

[42] ECF # 171.

[43] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).