**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **HAKEEM SULTAANA,** | ) CASE NO. 1:16 CV 2884 |
| | ) |
| Petitioner, | ) JUDGE DAN AARON POLSTER |
| | ) |
| vs. | ) **OPINION AND ORDER** |
| | ) |
| **BRIGHAM SLOAN, Warden,** | ) |
| | ) |
| Respondent. | ) |

This case is before the Court on the Report and Recommendation of Magistrate Judge William H. Baughman, Jr. **Doc #: 183** ("R&R"). The Magistrate Judge recommends that the Court grant Respondent's Motion to Dismiss the Petition for Writ of Habeas C orpus filed by Petitioner Hakeem Sultaana and dismiss the Petition. Respectively, **Doc ##: 130, 1**. Petitioner has filed Objections. **Doc ##: 189, 191**. The Court has reviewed these documents along with the voluminous record and is prepared to issue a ruling.

**I.**

Petitioner Hakeem Sultaana is incarcerated at the Warren Correctional Institution where he is serving an aggregate 14-year prison sentence imposed following state-court jury convictions for numerous offenses related to his participation in a car title flipping scheme. The convictions and sentence were affirmed on direct appeal. *State v. Sultaana*, No. 101492, 2016-Ohio-199 (Ohio App. Jan 21, 2016) Petitioner did not appeal the affirmance to the Ohio Supreme Court.

Sultaana has filed several petitions for writ of habeas corpus in this district, all of which were dismissed without prejudice so that Petitioner could exhaust his claims in state court. If it

is possible to separate the wheat from the chaff in this sizeable record, it appears that Sultaana has finally exhausted all his claims in state court. See, e.g., Doc #:184 and attachments thereto.

That said, Sultaana's claims were procedurally defaulted before he returned to state court to exhaust them, and the state appeals courts chose to deny him leave to consider his claims on the merits. So, although his claims are now exhausted, they are still procedurally defaulted for reasons set forth in the R&R. Sultaana makes no intelligible argument that the claims are not procedurally defaulted; rather, he devotes the lion's share of his Objections to the argument that his claims are exhausted and there is cause and prejudice to excuse the procedural defaults. The Court has already determined that he has exhausted all his claims, so the remaining question is whether he can show cause and prejudice to excuse the procedural defaults.

As "cause," Sultaana refers back to the argument he made in his opposition to Respondent's first Motion to Dismiss. See Doc #: 191 at 8 (referring to his argument in Doc #: 123). There, Sultaana argued that the state appeals court made a mistake when it denied his ineffective assistance of appellate counsel claims in his Rule 26(B) application because he represented himself on his direct appeal. Sultaana contends that he did not represent himself on his direct appeal – and it is this mistake that constitutes the cause to excuse his procedural defaults.

The Court has reviewed the state court docket which reveals that Sultaana did in fact represent himself on his direct appeal. See Cuyahoga County Clerk of Court's public docket, Case No. CA-14-101492.[1] Accordingly, since he waived his Sixth Amendment right to counsel,

---

[1] Although three attorneys from the Ohio Public Defenders Office attempted to represent Sultaana during his direct appeal, they all eventually filed motions to withdraw because Sultaana either filed grievances against them in the Ohio Supreme Court (Assistance Public Defenders Cunliffe and Sweeney) or sued them in federal court (Assistant Public Defender Peter Galyardt).

he cannot bring ineffective assistance of counsel claims. Because he has failed to show cause to excuse his procedural defaults, the Court concludes that his claims are procedurally defaulted.

Based on the foregoing, the Court **ADOPTS** the R&R (**Doc #: 183**), **OVERRULES** the Objections (**Doc ##: 189, 191**), and **DISMISSES WITH PREJUDICE** the Petition (**Doc #: 1**).

**II.**

While courts are tolerant of legal filings submitted by pro se litigants, such tolerance is not limitless. Federal courts have both the inherent power and constitutional obligation to protect their jurisdiction from conduct which impairs the ability to carry out Article III functions. *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986). Moreover, this Court has the responsibility to prevent litigants from unnecessarily encroaching on judicial machinery needed by others. *Id*. To achieve these ends, the United States Court of Appeals for the Sixth Circuit has approved enjoining vexatious and harassing litigants by requiring them to obtain leave of court before submitting additional filings. *See, e.g., Filipas v. Lemons*, 835 F.2d 1145 (6th Cir. 1987); *Wrenn v. Vanderbilt Univ. Hosp*., 1995 WL 111480 (6th Cir. Mar. 15, 1995) (authorizing a court to enjoin harassing litigation under its inherent authority and the All Writs Act, 28 U.S.C. § 1651(a)) (citations omitted).

Former Magistrate Judge Greg White previously deemed Sultaana a vexatious litigator and enjoined him from filing new motions, objections, notices, or any other filings in one of Sultaana's earlier § 2254 petitions. See Case No. 1:15 CV 1963, Doc #: 44. And Magistrate Judge Baughman has already warned Sultaana about continuing his pattern of filing frivolous,

---

The state appeals court granted those motions and, on October 15, 2015, construed a document Sultaana filed pro se on October 1, 2015 as a motion to proceed pro se and granted it.

unintelligible and unnecessary filings.  Doc #: 125.  Even the Eighth District Court of Appeals and the Ohio Supreme Court declared Sultaana a vexatious litigator and prohibited him from instituting any appeals or original actions, continuing any appeals or original actions, or filing any motions in any pending appeals or original actions without first obtaining leave of court.

Accordingly, the Court hereby **DEEMS** Hakeem Sultaana a vexatious litigator and **ENJOINS** him from filing any new motions, objections, notices or any other filings in this case including, as the Court previous stated, a motion to reconsider this ruling.  If Sultaana disagrees with this Opinion and Order, he shall appeal it to the Sixth Circuit Court of Appeals.  The Clerk's Office is hereby **ORDERED** to refrain from filing any document submitted by Petitioner Sultaana <u>or anyone on his behalf</u>, and to return those documents citing this Order.

**IT IS SO ORDERED.**

               */s/ Dan A. Polster  April 26, 2018*
               **Dan Aaron Polster**
               **United States District Judge**